MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.
CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS
PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE
PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A
SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC
DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING
TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT
REPRESENTED BY COUNSEL.

1    At a stated term of the United States Court of Appeals for the Second
2    Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley
3    Square, in the City of New York, on the 13th day of October, two thousand
4    seventeen.
5
6    PRESENT:   RAYMOND J. LOHIER, JR.,
7               CHRISTOPHER F. DRONEY,
8                    *Circuit Judges,*
9               JED S. RAKOFF,
10                   *District Judge.**
11   ------------------------------------------------------------------
12
13   CHRISTOPHER WYCHE, INDIVIDUALLY, ON
14   BEHALF OF ALL OTHERS SIMILARLY
15   SITUATED,
16
17                    *Plaintiff-Appellant,*
18
19                    v.                                No. 17-743-cv
20
21   ADVANCED DRAINAGE SYSTEMS, INC.,
22   JOSEPH A. CHLAPATY, MARK B. STURGEON,
23
24                    *Defendants-Appellees.*
25
     ------------------------------------------------------------------

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New
York, sitting by designation.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec. 07, 2017

MANDATE ISSUED ON 12/07/2017

| | | |
|---|---|---|
| FOR APPELLANT: | | JACOB A. GOLDBERG, The Rosen Law Firm P.A., Jenkintown, PA. |
| | | |
| FOR APPELLEES: | | JOSEPH C. WEINSTEIN (Victor Genecin, Sean L. McGrane, *on the brief*), Squire Patton Boggs (US) LLP, New York, NY, and Cleveland, OH, *for* Advanced Drainage Systems, Inc. |
| | | |
| | | Robert A. Scher, Bryan B. House, Foley & Lardner LLP, New York, NY, and Milwaukee, WI, *for* Joseph A. Chlapaty. |
| | | |
| | | Peter J. Pizzi, Walsh Pizzi O'Reilly Falanga LLP, New York, NY, Roger P. Sugarman, Kegler Brown Hill + Ritter, Columbus, OH, *for* Mark B. Sturgeon. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*). UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Christopher Wyche appeals from a judgment of the District Court (Failla, J.) dismissing his claims against Advanced Drainage Systems, Inc. ("ADS") and two of its employees, Joseph A. Chlapaty and Mark B. Sturgeon (collectively, "Defendants"), for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our

2

1   decision to affirm.

2         With respect to Wyche's claims under Section 10(b) and Rule 10b-5, the

3   only question we are asked to consider is whether Wyche has adequately alleged

4   that Defendants acted with scienter.   Wyche's securities fraud claims are subject

5   to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil

6   Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15

7   U.S.C. § 78u-4(b), which "require[] plaintiffs to state with particularity both the

8   facts constituting the alleged violation, and the facts evidencing scienter, <u>i.e.</u>, the

9   defendant's intention to deceive, manipulate, or defraud," <u>Tellabs, Inc. v. Makor</u>

10  <u>Issues & Rights, Ltd.</u>, 551 U.S. 308, 313 (2007) (quotation marks omitted); <u>see</u> <u>ECA</u>

11  <u>& Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.</u>, 553 F.3d 187,

12  198 (2d Cir. 2009).

13        Wyche first alleges that Defendants had a motive to engage in fraudulent

14  accounting practices because ADS would have breached financial covenants with

15  its lenders had it complied with Generally Accepted Accounting Principles

16  ("GAAP").   Assuming without deciding that the motivation to comply with debt

17  covenants is sufficient to support an allegation of scienter, we agree with the

18  District Court that Wyche's complaint does not plead facts to support this

1   allegation with adequate particularity—for example, facts indicating that default

2   was imminent or inevitable.

3          The District Court also correctly rejected Wyche's second argument, that

4   the individual defendants were motivated to inflate stock prices for bonuses tied

5   to ADS's preliminary financial performance.   Bonus compensation is not the type

6   of "concrete and personal" benefit upon which a finding of motive to commit

7   securities fraud can be based.   Kalnit v. Eichler, 264 F.3d 131, 139 (2d Cir. 2001).

8   That Chlapaty and Sturgeon allegedly returned their bonuses does not persuade

9   us otherwise.

10          Wyche also claims that motive can be inferred from Sturgeon's sale of

11  shares between May 18 and May 26, 2015.   While motive may be "sufficiently

12  pleaded where [a] plaintiff alleged that defendants misrepresented corporate

13  performance to inflate stock prices while they sold their own shares," id., the

14  defendant's stock sales must be "unusual" to support such an allegation, Acito v.

15  IMCERA Grp., Inc., 47 F.3d 47, 54 (2d Cir. 1995).   The District Court correctly

16  concluded that Sturgeon's sales were not unusual because, as alleged, the

17  percentage of shares sold was small, the timing was not suspicious, and no other

18  insiders were alleged to have sold stock.

4

1   In the absence of a showing of motive, "it is still possible to plead scienter

2   by identifying circumstances" indicative of "conscious misbehavior" or

3   recklessness on the part of the defendant, "though the strength of the

4   circumstantial allegations must be correspondingly greater." <u>Kalnit</u>, 264 F.3d at

5   142 (quotation marks omitted); <u>see</u> <u>In re Carter-Wallace, Inc. Sec. Litig.</u>, 220 F.3d

6   36, 39–40 (2d Cir. 2000). We agree with the District Court that Wyche's

7   allegations of conscious misbehavior or recklessness were insufficient to support

8   an inference of scienter that is "at least as compelling as any opposing inference

9   one could draw from the facts alleged." <u>Tellabs</u>, 551 U.S. at 324. First, the

10  complaint did not allege that any former employee communicated any relevant

11  accounting concerns to an individual defendant, or that an individual defendant

12  requested that any of the former employees engage in fraudulent conduct on

13  ADS's behalf. Second, the alleged GAAP violations, which govern the

14  calculation of inventory costs and the classification of equipment and

15  transportation leases as either "operating" or "capital" leases, do not suggest the

16  requisite "fraudulent intent." <u>Novak v. Kasaks</u>, 216 F.3d 300, 309 (2d Cir. 2000)

17  (quotation marks omitted).[2]

---

[2] For the first time on appeal, Wyche argues that an investigation conducted by Deloitte

1     Substantially for the reasons provided by the District Court, we agree that

2     the allegations in the complaint were insufficient to impute ADS's corporate

3     scienter.   "When the defendant is a corporate entity, . . . the pleaded facts must

4     create a strong inference that someone whose intent could be imputed to the

5     corporation acted with the requisite scienter."   <u>Teamsters Local 445 Freight Div.</u>

6     <u>Pension Fund v. Dynex Capital Inc.</u>, 531 F.3d 190, 195 (2d Cir. 2008).

7     Finally, Wyche's derivative claim under Section 20(a) fails because he has

8     not stated a primary violation under Section 10(b) and Rule 10b-5.   <u>See</u> <u>ATSI</u>

9     <u>Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 108 (2d Cir. 2007).

10    We have considered Wyche's remaining arguments and conclude that they

11    are without merit.   For the foregoing reasons, the judgment of the District Court

12    is AFFIRMED.

13                                    FOR THE COURT:
14                                    Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

uncovered well-founded evidence of fraud, and that this creates a compelling inference
of scienter.   Wyche has forfeited this argument because he did not raise it in the District
Court.   <u>Bogle-Assegai v. Connecticut</u>, 470 F.3d 498, 504 (2d Cir. 2006).