# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- :

CHRISTOPHER WYCHE, individually and
on behalf of all others similarly situated,

                Plaintiff,

    v.

ADVANCED DRAINAGE SYSTEMS,
INC., *et al.*,

              Defendants.

-------------------------------------------------------

: Case No. 15-cv-05955

**Hon. Katherine Polk Failla**

# DEFENDANTS' JOINT MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) AND FOR LEAVE TO FILE AN AMENDED OR SUPPLEMENTAL COMPLAINT

SQUIRE PATTON BOGGS (US) LLP
Joseph C. Weinstein (*pro hac vice*)
joe.weinstein@squirepb.com
Sean L. McGrane
sean.mcgrane@squirepb.com
4900 Key Tower, 127 Public Square
Cleveland, OH 44114
Tel: (216) 479-8500
Fax: (216) 479-8780

David W. Alexander (*pro hac vice*)
david.alexander@squirepb.com
2000 Huntington Center, 41 S. High St.
Columbus, OH 43215
Tel: (614) 365-2801
Fax: (614) 365-2499

Victor Genecin
victor.genecin@squirepb.com
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 872-9800
Fax: (212) 872-9815

*Attorneys for Defendant Advanced Drainage Systems, Inc.*

FOLEY & LARDNER LLP
Bryan B. House (*pro hac vice*)
bhouse@foley.com
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 297-5554
Fax: (414) 297-4900

Robert A. Scher
rscher@foley.com
90 Park Avenue
New York, NY 10016-1314
Tel: (212) 338-3405
Fax: (212) 687-2329

*Attorneys for Defendant Joseph A. Chlapaty*

(continued on next page)

KEGLER, BROWN, HILL & RITTER CO.,
L.P.A.
Roger P. Sugarman (*pro hac vice*)
rsugarman@keglerbrown.com
65 East State Street, Suite 1800
Columbus, OH 43215
Tel: (614) 462-5422
Fax: (614) 464-2634

WALSH PIZZI O'REILLY FALANGA LLP
Peter J. Pizzi
ppizzi@walsh.law
Selina M. Ellis
sellis@walsh.law
140 Broadway, 46th Floor
New York, NY 10019
Tel: (212) 380-1043
Fax: (973) 757-1090

*Attorneys for Defendant Mark B. Sturgeon*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL & PROCEDURAL BACKGROUND ........................................................... 3

    A.    Plaintiff Christopher Wyche ........................................................................ 3

    B.    Factual & Procedural Background ............................................................... 3

        1.    Procedural History ........................................................................... 3

        2.    The SEC Settlement Order ............................................................... 5

LAW & ARGUMENT ................................................................................................... 5

I.       RELIEF FROM JUDGMENT IS AN EXTRAORDINARY REMEDY ........................ 5

II.      PLAINTIFF'S MOTION IS UNTIMELY ............................................................... 6

    A.    The one-year limitations period runs from the date of the Dismissal Order, not the date of the Second Circuit's Mandate ...................................... 6

    B.    The Motion is untimely even using the date of the Mandate ................... 8

III.     PLAINTIFF CANNOT SATISFY ANY OF THE FOUR REQUIREMENTS FOR RELIEF ........................................................................................................... 9

    A.    The SEC Settlement Order is not newly-discovered evidence .............................. 9

    B.    Plaintiff was not justifiably ignorant of the SEC's investigation ........................ 11

    C.    The SEC Settlement Order cannot change the result of the Dismissal Order ........................................................................................................ 13

        1.    The SEC Settlement Order is not evidence of scienter ........................... 13

        2.    The Amended Complaint also failed to plead loss causation ................ 16

    D.    The "evidence" is cumulative, in any event ........................................... 16

CONCLUSION ........................................................................................................... 17

CERTIFICATE OF SERVICE ...................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bondar v. Bank of Am. Corp.*,
No. 09-md-02014, 2011 U.S. Dist. LEXIS 18208 (N.D. Cal. Feb. 24, 2011) ....................... 14

*Boxill v. Brooklyn College*,
2003 U.S. Dist. LEXIS 11762 (E.D.N.Y. July 10, 2003) ........................................... 6, 10, 13

*In re DNTW Chtd. Accountants Secs. Litig.*,
172 F. Supp. 3d 675, 691 (S.D.N.Y. 2016) .................................................................... 14, 17

*Espaillat v. Cont'l Express, Inc.*,
No. 99-CV-6173, 2003 U.S. Dist. LEXIS 18516 (W.D.N.Y. Sept. 5, 2003) .......................... 7

*Gonzales v. Nat'l Westminster Bank PLC*,
No. 11 Civ. 1435, 2013 U.S. Dist. LEXIS 183406 (S.D.N.Y. Nov. 18, 2013) ...................... 9

*Imperium IP Holdings (Cayman) Ltd. v. Samsung Electronics Co., Ltd.*,
No. 14-CV-00371, 2017 U.S. Dist. LEXIS 63979 (E.D. Tex. April 27, 2017) ..................... 11

*Kim v. Columbia Univ.*,
06 CV 5365, 2011 U.S. Dist. LEXIS 53802 (S.D.N.Y. May 19, 2011) ................................. 2

*Kurzweil v. Philip Morris Cos.*,
Nos. 94 Civ. 2373 and 94 Civ. 2546, 1997 U.S. Dist. LEXIS 4451 (S.D.N.Y.
April 9, 1997) .......................................................................................................................... 10

*Lorusso v. Borer*,
260 Fed. Appx. 355 (2d Cir. 2008) .................................................................................. 2, 13

*In re Morgan Stanley & Van Kampen Mut. Fund. Sec. Litig.*,
No. 03 Civ. 8208, 2006 U.S. Dist. LEXIS 20758 (S.D.N.Y. April 14, 2006) ................. 14, 15

*Nezmaizer v. Baker*,
793 F.2d 58 (2d Cir. 1986) ................................................................................................... 13

*In re Optionable Sec. Litig.*,
No. 07 Civ. 3753, 2009 U.S. Dist. LEXIS 52592 (S.D.N.Y. June 15, 2009) ............. 12, 13, 17

*Pryor v. Berryhill*,
286 F. Supp. 3d 471, 475 (E.D.N.Y. Dec. 12, 2017) ............................................................. 7

*Reese v. Bahash*,
574 Fed. Appx. 21 (2d Cir. 2014) ........................................................................................... 6

*Reese v. McGraw-Hill Cos.*,
    293 F.R.D. 617 (S.D.N.Y. 2013) ........................................................................ 6, 8

*SEC v. Amerindo Invest. Advisors, Inc.*,
    No. 05-cv-5231, 2017 U.S. Dist. LEXIS 110407 (S.D.N.Y. July 14, 2017) ........................... 7

*Strobl v. New York Mercantile Exchange*,
    590 F. Supp. 875 (S.D.N.Y. 1984) ...................................................................... 11

*The Tool Box, Inc. v. Ogden City Corp.*,
    419 F.3d 1084 (10th Cir. 2005) ......................................................................... 8

*U.S. v. Levy*,
    2017 U.S. Dist. LEXIS 118083 (S.D.N.Y. July 26, 2017) ........................................... 1, 7

*In re UBS Auction Rate Sec. Litig.*,
    2010 U.S. Dist. LEXIS 59024 (S.D.N.Y. June 10, 2010) ............................................ 14

*Victorinox AG v. B&F Sys.*,
    709 Fed. Appx. 44 (2d Cir. 2017) ....................................................................... 1

*Wonsover v. SEC*,
    205 F.3d 408 (D.C. Cir. 2000) .......................................................................... 15

Defendants Advanced Drainage Systems, Inc. ("ADS"), Joseph A. Chlapaty and Mark B. Sturgeon (collectively, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff Christopher Wyche's Motion for Relief from Final Judgment Pursuant to Fed. R. Civ. P. 60(b) and for Leave to File an Amended Complaint Pursuant to Fed. R. Civ. P. 15(a) or to Supplement the Pleading Pursuant to Fed. R. Civ. P. 15(d) (the "Motion").

## PRELIMINARY STATEMENT

On March 10, 2017, this Court issued an order granting Defendants' Motion to Dismiss Plaintiff's securities fraud claims, in their entirety and with prejudice (the "Dismissal Order"). The Dismissal Order was affirmed by the Second Circuit Court of Appeals, which also denied Plaintiff's subsequent petitions for rehearing.  Plaintiff now seeks to have the Dismissal Order set aside pursuant to Federal Rule of Civil Procedure 60(b)(2), arguing that a settlement agreement between the Securities and Exchange Commission and Defendants ADS and Sturgeon (the "SEC Settlement Order") constitutes "newly-discovered evidence."  It does not.

As a threshold matter, Plaintiff's Motion is untimely.  A motion under Rule 60(b)(2) "must be made within a reasonable time" and, in all events, "no more than a year after the entry of the judgment or order . . ." Fed. R. Civ. P. 60(c)(1).  This one-year limitations period "is absolute" and runs from the date the challenged order was issued by the district court; "it does not run from the date of an appellate decision reviewing that judgment, nor does the pendency of an appeal toll the one year period." *U.S. v. Levy*, 2017 U.S. Dist. LEXIS 118083, at *2-3 (S.D.N.Y. July 26, 2017) (emphasis added).  Plaintiff filed his Motion eighteen months after this Court issued the Dismissal Order, and the Motion is untimely on its face.

Even if the Motion were timely, it should still be denied.  The Second Circuit has made clear that "relief pursuant to Rule 60(b) should be granted only upon a showing of exceptional circumstances." *Victorinox AG v. B&F Sys.*, 709 Fed. Appx. 44, 52 (2d Cir. 2017).  To obtain

relief, the movant must show each of the following: (1) the newly discovered evidence existed at the time of trial or other dispositive proceeding, (2) the movant was justifiably ignorant of the evidence despite due diligence, (3) the evidence is admissible and of such importance that it probably would change the outcome of the challenged order, and (4) the evidence is not merely cumulative or impeaching.  Plaintiff fails to clear even one of these hurdles—let alone all four, as is required to set aside the Dismissal Order.

First, the SEC Settlement Order is not "newly-discovered" evidence.  "Evidence is considered 'newly discovered' for the purposes of Rule 60(b)(2) if it existed at the time of the prior adjudication . . . ."  *Kim v. Columbia Univ.*, 06 CV 5365, 2011 U.S. Dist. LEXIS 53802, at *14 (S.D.N.Y. May 19, 2011).  The SEC Settlement Order was issued fifteen months after the Dismissal Order, and does not qualify as "newly-discovered evidence" under Rule 60(b)(2).

Second, Plaintiff knew that the SEC was investigating ADS at the time he filed his Amended Complaint; indeed, Plaintiff cited the SEC investigation in the Amended Complaint and subsequently relied upon the existence of the investigation in an attempt to show scienter.  Rule 60(b)(2) "does not exist to provide a remedy for [] tactical decisions," and Plaintiff must live with the consequences of his decision to bring suit before the SEC investigation came to a close.  *Lorusso v. Borer*, 260 Fed. Appx. 355, 357 (2d Cir. 2008).

Third, on the merits, the SEC Settlement Order would not have changed this Court's holding that Plaintiff failed to adequately plead scienter in his Amended Complaint.  Plaintiff conspicuously fails to cite a single case in which a movant obtained relief from judgment under Rule 60(b)(2) based on a later settlement order.  Moreover, even when deciding motions to dismiss—outside the exceptional procedural context of Rule 60(b)(2)—courts have declined to find scienter based on such settlements.  *Infra* at pp. 15-17.  In any event, Plaintiff also ignores

that his Amended Complaint failed to adequately plead loss causation, and nothing in the SEC

Settlement Order cures that deficiency.

Fourth, and finally, the SEC Settlement Order is merely cumulative of the allegations

contained in Plaintiff's Amended Complaint.

## FACTUAL & PROCEDURAL BACKGROUND

A.      **Plaintiff Christopher Wyche**

Plaintiff Christopher Wyche commenced this putative securities fraud class action on

July 29, 2015.  Mr. Wyche purportedly owned 8 shares of ADS common stock.  ECF No. 1-1 at

p. 1.  As the Court recognized at the time, Mr. Wyche claimed to have suffered approximately $9

in damages:

> COURT: [Y]our client has damages on the order of just under $9,
> is that correct, sir?
>
> PLAINTIFF'S COUNSEL: That's correct, your Honor.  It's a
> relatively small loss.

ECF No. 23 at 3:14-17; *see also id.* at 4:21-5:1 (Court: "I want to understand why this case was

brought. . . . I guess I want to understand how we're together in this case with damages of less

than $9.").  ADS has more than 50 million shares of outstanding common stock, but Mr. Wyche

is the only shareholder to bring securities fraud claims.

B.      **Factual & Procedural Background**

1.      **Procedural History**

In his original complaint, Plaintiff asserted claims for violations of Sections 10(b) and

20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated

thereunder.  ECF No. 1.  Plaintiff asserted claims against ADS and two individual defendants:

Joseph A. Chlapaty (ADS's CEO at the time) and Mark B. Sturgeon (ADS's CFO at the time).

Plaintiff was appointed Lead Plaintiff by order of this Court dated January 11, 2016, as no other shareholder sought appointment. ECF No. 25.

Plaintiff filed an Amended Complaint on April 28, 2016. ECF No. 42. Plaintiff again asserted claims for violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5, alleging that Defendants had made material misstatements or omissions in connection with ADS's historical accounting practices and ADS's subsequent decision to restate certain of its financial statements. *Id.* At a pre-motion conference on June 9, 2016, after Defendants identified the Amended Complaint's deficiencies with respect to scienter and loss causation, this Court gave Plaintiff the opportunity to further amend. ECF No. 56 at 11:19-25. Plaintiff declined. *Id.*

On March 10, 2017, this Court issued the Dismissal Order. The Court held that Plaintiff had failed to plead scienter under the rigorous pleading standards of the Private Securities Litigation Reform Act ("PSLRA"). *See* Dismissal Order at pp. 23-42. Additionally, although the Court did not formally reach the issue in light of its holding on scienter, the Court expressed skepticism as to whether Plaintiff had adequately pleaded loss causation. *Id.* at p. 2 ("There is no shortage of statements identified in the Complaint as to which Plaintiff cries fraud. There is, however, a noticeable shortage of well-pleaded allegations of scienter, and likely also loss causation."); *id.* at p. 42 n.11 ("[T]he Court is skeptical that Plaintiff has pleaded adequately loss causation.").

Plaintiff appealed the Dismissal Order to the United States Court of Appeals for the Second Circuit. On October 13, 2017, the Second Circuit affirmed the Dismissal Order. Case No. 17-743, at ECF No. 76. Plaintiff then sought a panel rehearing and/or a rehearing *en banc*,

which the Second Circuit denied on November 28, 2017.  *Id.* at ECF No. 84.  The Second Circuit

issued its Mandate on December 7, 2017.  *Id.* at ECF No. 85.

2.      **The SEC Settlement Order**

In a public filing with the SEC on March 29, 2016—before Plaintiff filed his Amended

Complaint—ADS disclosed that the SEC Division of Enforcement was conducting an

investigation related to ADS's historical accounting practices, and had issued document

subpoenas to ADS "pursuant to a formal order of investigation."  Plaintiff knew about the SEC

investigation as he cited and relied upon it in his Amended Complaint and subsequent briefs.

*See infra* at pp. 13-14.

On July 10, 2018, the SEC issued the Settlement Order, which was also publicly

disclosed by ADS through the filing of an 8-K with the SEC that same day.  The SEC Settlement

Order imposed certain penalties and fines on ADS and Mr. Sturgeon.  No fines or penalties were

imposed on Mr. Chlapaty, who was not mentioned in the SEC Settlement Order.  While the SEC

purported to make certain findings, the SEC Settlement Order states that it was entered into

"[s]olely for the purposes of these proceedings and any other proceedings brought by or on

behalf of the Commission, or to which the Commission is a party, and **without [Respondents]**

**admitting or denying the findings herein**."  ECF No. 70-1 at p. 2 (emphasis added).

On November 27, 2018—more than eighteen months after the  Dismissal Order, and

more than four months after the SEC Settlement Order was disclosed—Plaintiff filed his Motion.

**LAW & ARGUMENT**

**THE MOTION SHOULD BE DENIED**

I.      **RELIEF FROM JUDGMENT IS AN EXTRAORDINARY REMEDY**

Plaintiff seeks relief from the Dismissal Order under Federal Rule of Civil Procedure

60(b)(2), which states: "On motion and just terms, the court may relieve a party or its legal

representative from a final judgment, order, or proceeding for the following reasons: . . . . (2) newly-discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2).

The Second Circuit has made clear that vacating an order under Rule 60(b)(2) is an extraordinary remedy that should be granted only upon a showing of exceptional circumstances. *Reese v. Bahash*, 574 Fed. Appx. 21, 23 (2d Cir. 2014). As the cases cited by Plaintiff make clear, the party "moving for relief from a judgment" under Rule 60(b)(2) "must meet an onerous standard." *Boxill v. Brooklyn College*, 2003 U.S. Dist. LEXIS 11762, at *11 (E.D.N.Y. July 10, 2003). The standard is onerous because "final judgments should not be lightly reopened—only when substantial justice requires it." *Reese v. McGraw-Hill Cos.*, 293 F.R.D. 617, 621-22 (S.D.N.Y. 2013).

In order to obtain relief under Rule 60(b)(2), the movant must first show that the motion is timely. The text of Rule 60(b) imposes a strict one-year limitations period: "A motion under rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c) (emphasis added). If the movant establishes that the motion is timely, the movant must then satisfy four separate requirements for relief in order to "convince the court to take the extraordinary step of reopening a dismissed action pursuant to Rule 60(b)(2) . . . ." *Reese*, 293 F.R.D. at 624.

## II.   PLAINTIFF'S MOTION IS UNTIMELY

### A.   The one-year limitations period runs from the date of the Dismissal Order, not the date of the Second Circuit's Mandate.

Plaintiff's Motion is untimely because it was filed over eighteen months after the Dismissal Order—outside the "absolute" limitations period governing Rule 60(b)(2) motions.

*Levy*, 2017 U.S. Dist. LEXIS 118083, at *2-3.  The Second Circuit and courts in this District have repeatedly made clear that the one-year period runs from the date the challenged order is entered; the one-year limitations period is not tolled during the pendency of an appeal. In *King v. First Am. Investigations, Inc.*, for example, the Second Circuit considered a motion for relief from judgment brought under Rule 60(b)(3), which is subject to the same one-year limitations period as motions brought under Rule 60(b)(2).  287 F.3d 91 (2d Cir. 2002).  The Second Circuit affirmed the district court's denial of the Rule 60 motion as untimely, holding:

> The motion to vacate . . . is time-barred. . . . Judgment was entered on August 12, 1998 and King filed the Rule 60(b) motion to vacate on May 11, 2000.  King argues that an appeal of the judgment tolls the one year period for filing a Rule 60(b) motion . . . . The rule is to the contrary.

*Id.* at 94.

Applying this rule, federal courts in New York and elsewhere have repeatedly held that the "one-year limitations period . . . runs from the date the judgment was entered in the district court; it does not run from the date of an appellate decision reviewing that judgment, nor does the pendency of an appeal toll the one year period."  *Levy*, 2017 U.S. Dist. LEXIS 118083, at *2-3; *see also Pryor v. Berryhill*, 286 F. Supp. 3d 471, 475 (E.D.N.Y. Dec. 12, 2017) ("Plaintiff's motion is time-barred under Rule 60(b)(2).  The Court entered final judgment on March 22, 2016.  Plaintiff filed his motion to reopen more than sixteen months later on July 31, 2017.  Although Plaintiff appealed the final judgment to the Second Circuit, the filing of the appeal did not toll the one-year limit.").[1]

---

[1] *See also SEC v. Amerindo Invest. Advisors, Inc.*, No. 05-cv-5231, 2017 U.S. Dist. LEXIS 110407, at *27-28 (S.D.N.Y. July 14, 2017) ("[T]he fact that Defendants unsuccessfully appealed the judgments in this case to the Second Circuit and to the Supreme Court does not toll the one-year deadline. . . ."); *Espaillat v. Cont'l Express, Inc.*, No. 99-CV-6173, 2003 U.S. Dist. LEXIS 18516, at *10-11 (W.D.N.Y. Sept. 5, 2003) ("Because a pending appeal does not toll the running of the one-year period for making a motion under Rule 60(b)(1), the fact that plaintiff

In his Motion, Plaintiff ignores this well-settled rule and assumes that the one-year limitations period began to run on December 7, 2017—that date the Second Circuit issued its Mandate.  Plaintiff, however, fails to cite a single case in which a court in this District—or any district—has held that the one-year limitations period begins to run from the date of the mandate, or that the limitations period is otherwise tolled during the pendency of an appeal.  The only "authority" Plaintiff cites in his Motion is Local Civil Rule 58.1, an administrative rule governing "remand by an appellate court."  Plaintiff cites no case in which any court in this District has ever applied Rule 58.1 to extend the absolute one-year limitations period governing Rule 60(b)(2) motions.

This Court entered the Dismissal Order on March 10, 2017, and the one-year limitations period expired on March 10, 2018.  Plaintiff brought the Motion on November 27, 2018.  The Motion is accordingly untimely and should be denied for this reason alone.

B.     **The Motion is untimely even using the date of the Mandate.**

A motion under rule 60(b)(2) must be made "within a reasonable time" and "no more than a year after the entry of the judgment or order . . . ."  FED. R. CIV. P. 60(c)(1).  Hence, "[t]he one-year period represents an extreme limit, and the motion may be rejected as untimely if not made within a reasonable time even though the one-year period has not expired."  *Reese*, 293 F.R.D. at 625 (quoting 11 Charles Alan Wright & Arthur R, Miller, *Federal Practice and Procedure* § 2866 (3d ed. 2013)).  In determining whether a motion should be denied as untimely

---

appealed to [the] Court of Appeals for the Second Circuit during this time period does not affect the calculation of the one-year time period."); *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088-89 (10th Cir. 2005) ("[A]n appeal does not toll or extend the one-year time limit of Rule 60(b).").

even if brought within the one-year limitations period, "courts look at whether the moving party had some good reason for the failure to take appropriate action sooner." *Gonzales v. Nat'l Westminster Bank PLC*, No. 11 Civ. 1435, 2013 U.S. Dist. LEXIS 183406, at *14 (S.D.N.Y. Nov. 18, 2013).

Even assuming that the one-year limitations period began to run from the date of the Second Circuit's Mandate (which it did not), Plaintiff still waited to file his Motion for more than four and a half months after the public disclosure of the SEC Settlement Order.  Plaintiff offers no good reason for this delay, simply stating that he brought the Motion "within one week of counsel's discovering the SEC Order."  This explanation is not sufficient to excuse the delay (especially where Plaintiff purports to act on behalf of a class of similarly-situated shareholders), and courts have denied motions as untimely in similar circumstances.  *See, e.g., Gonzales*, 2013 U.S. Dist. LEXIS 183406 at *15 ("Here, Plaintiffs do not explain why it took them approximately six months from DeRosa's deposition in August 2012 to file their motion in February 2013.  Without more, that delay is unreasonable and renders Plaintiff's Rule 60(b) motion untimely.").

III.    **PLAINTIFF CANNOT SATISFY ANY OF THE FOUR REQUIREMENTS FOR RELIEF**

Because the Motion is untimely, the Court need not consider the four criteria for relief under Rule 60(b)(2).  Nevertheless, even if it were deemed to be timely, the Motion should still be denied because Plaintiff cannot satisfy the four requirements for relief.

A.    **The SEC Settlement Order is not newly-discovered evidence.**

Plaintiff contends that "the July 10, 2018 SEC [Settlement] Order constitutes newly discovered evidence" that warrants relief under Rule 60(b)(2).  Motion at p. 5.  The SEC

Settlement Order, however, is not "newly-discovered evidence" because it did not exist at the time this Court issued the Dismissal Order.

As the cases cited by Plaintiff make clear, evidence is considered "newly discovered" for purposes of Rule 60(b)(2) "<u>if it existed at the time of the prior adjudication</u> but was discovered by the movant only after the entry of judgment." *Boxill v. Brooklyn College*, No. CV-96-561, 2003 U.S. Dist. LEXIS 11762, at *12-13 (E.D.N.Y. July 10, 2003) (emphasis added and internal citations omitted); *see also Kurzweil v. Philip Morris Cos.*, Nos. 94 Civ. 2373 and 94 Civ. 2546, 1997 U.S. Dist. LEXIS 4451, at *13 (S.D.N.Y. April 9, 1997) ("Under Rule 60(b), the new evidence must have existed at the time of the decision . . . .").[2] Here, the SEC Settlement Order was issued on July 10, 2018—fifteen months after the Court issued the Dismissal Order—and is not "newly-discovered evidence."

To avoid this result, Plaintiff half-heartedly argues in his Motion that he is relying upon the "facts" giving rise to the SEC Settlement Order, and not on the SEC Settlement Order itself. But it is clear from the face of the Motion that the "evidence" upon which Plaintiff relies is the SEC Settlement Order itself—and, more specifically, the SEC's finding that Mr. Sturgeon "willfully" violated certain provisions of the federal securities laws. Throughout the Motion, Plaintiff repeatedly argues that this finding is the "evidence" that he believes gives rise to a compelling inference of scienter: "<u>[T]he SEC found </u>that Defendant Sturgeon directly and indirectly, 'willfully' caused ADS to manipulate its financial results. <u>The SEC's finding</u>, itself,

---

[2] Newly-discovered evidence is not the same as "new" evidence, which came into existence after the date of the entry of judgment. "New" evidence cannot give rise to relief under Rule 60(b)(2). *See, e.g., Kurzweil*, 1997 U.S. Dist. LEXIS 4451 at *18 (holding that certain evidence was "not cognizable on a Rule 60(b)(2) motion because [the] evidence is not newly-discovered evidence that was in existence at the time of the order; it is simply new evidence")

is strong circumstantial evidence that Defendant Sturgeon, himself, directed ADS employees to engage in fraudulent conduct on ADS's behalf."  Motion at pp. 3-4 (emphases added).[3]

These findings, however, are not newly-discovered evidence and cannot serve as the basis for relief under Rule 60(b)(2), as courts in similar circumstances have found.  *See, e.g., Strobl v. New York Mercantile Exchange*, 590 F. Supp. 875, 878 (S.D.N.Y. 1984) (denying motion for relief from judgment under Rule 60 and rejecting defendants' argument that "factual findings" contained in an "Initial Decision on Default" by an Administrative Law Judge constituted newly-discovered evidence); *Imperium IP Holdings (Cayman) Ltd. v. Samsung Electronics Co., Ltd.*, No. 14-CV-00371, 2017 U.S. Dist. LEXIS 63979, at *7 (E.D. Tex. April 27, 2017) (where decision of Patent Trial and Appeal Board "was not in existence at the time of the judgment, it is new evidence and cannot form a basis for relief under Rule 60(b)(2)").

Because the SEC Settlement Order and the SEC's findings therein are not newly-discovered evidence, the Motion should be denied.

### B.    **Plaintiff was not justifiably ignorant of the SEC's investigation.**

To obtain relief under Rule 60(b)(2), the movant must also show that he was "justifiably ignorant" of the newly-discovered evidence despite his due diligence.  Plaintiff cannot satisfy this prong, either.

Plaintiff undisputedly knew by the time he filed his Amended Complaint that the SEC was investigating ADS's historical accounting practices.  Plaintiff specifically cites and relies

---

[3] *See also* Motion at pp. 12-13 ("With the SEC's finding that his conduct was willful . . . the inference that Defendants Sturgeon and ADS acted with scienter is strong . . . ."); *id.* at p. 13 ("Had the Complaint included the findings from the SEC Order, this Court would have denied Defendants' motion to dismiss . . . ."); *id.* at p. 1 ("The SEC found that through his conduct, directing and approving improper accounting, Sturgeon willfully violated various anti-fraud provisions of the federal securities laws."); *id.* at p. 3 ("No way existed for Plaintiff to have discovered timely that the SEC would find, with particularity, that Defendants Sturgeon and ADS willfully violated the federal securities laws.").

upon the investigation in his Amended Complaint.  *See* ECF No. 42 at ¶ 240 (alleging, under

heading "***SEC Investigation***," that the SEC had commenced a "formal order of investigation"

against ADS with respect to its accounting practices and restated financials).  Plaintiff also cited

the SEC Investigation in his briefs to the Second Circuit and argued that its existence lent

"further support to the inference of scienter."  Case No. 17-743, ECF No. 41 at p. 49.  The

investigation also is referenced in the Dismissal Order.  *See* Dismissal Order at p. 6.  Clearly,

then, Plaintiff deliberately chose to pursue his claims notwithstanding the fact that the

investigation was not concluded.

      In nearly identical circumstances, courts have declined to grant relief under Rule

60(b)(2).  *In re Optionable Sec. Litig.*, No. 07 Civ. 3753, 2009 U.S. Dist. LEXIS 52592

(S.D.N.Y. June 15, 2009), is directly on point.  There, the court dismissed the plaintiffs'

securities fraud claims for failure to adequately plead scienter.  Weeks after the dismissal,

"various federal and state organizations announced criminal and civil actions" in connection with

the alleged fraud.  *Id.* at *6.  Based on these "prosecutorial and regulatory investigations," the

plaintiffs sought relief from judgment pursuant to Rule 60(b)(2), and for leave to file an amended

complaint.  *Id.* at *13.  In considering the plaintiffs' Rule 60(b)(2) motion, the court began by

noting that the plaintiffs "knew about the prosecutorial and regulatory investigations . . . before

filing their original complaint," and had cited the investigations in their complaint.  *Id.*  The court

held that this knowledge disqualified plaintiffs from obtaining relief under Rule 60(b)(2), even

though "new facts" related to the investigations emerged after plaintiffs' claims had already been

dismissed:

> Plaintiffs knew of the government investigations and indeed pled
> the existence of the investigations in their Original Complaint.
> Even if some of the particular underlying facts that later came out
> in the charging documents could be 'newly discovered,' it is clear

> that Plaintiffs were not justifiably ignorant of those facts.
> Plaintiffs knew of the investigations, but instead of waiting for
> more facts to emerge—or even requesting from Judge Kaplan
> more time to amend the complaint—Plaintiffs chose to file on
> insufficient allegations, perhaps to gain a tactical advantage. . . .
> Plaintiffs were not justifiably ignorant of the facts that later
> emerged in government charging documents and press releases,
> and the Court will not reopen this case.

*Id.* at *14-15 (emphasis added).

The same result should follow here.  Plaintiff chose to file suit knowing the SEC

investigation was pending, instead of waiting for the results.  Plaintiff is free to make that choice,

but must live with the consequences of that tactical decision; Rule 60(b)(2) cannot revive his

failed claims.  *See Nezmaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) (party's failure to

"evaluate carefully the legal consequences of a chosen course of action provides no basis for

relief from a judgment"); *see also Lorusso*, 260 Fed. Appx. at 357 (holding that Rule 60 does not

exist "to provide a remedy for . . . tactical decisions.").

### C.   The SEC Settlement Order cannot change the result of the Dismissal Order.

Under Rule 60(b)(2), the movant must also show that the newly-discovered evidence

would "probably produce a different result" on the underlying order or judgment.  *Boxill*, 2003

U.S. Dist. LEXIS 11762, at *12.  Here, on the merits, the SEC Settlement Order does not give

rise to the requisite "strong inference" of scienter, and thus could not have changed this Court's

holding that Plaintiff failed to plead scienter.  Moreover, Plaintiff also failed to adequately plead

loss causation, and the SEC Settlement Order does nothing to cure this deficiency.

### 1.   The SEC Settlement Order is not evidence of scienter.

In the SEC Settlement Order, the SEC found that Mr. Sturgeon had "willfully violated"

certain provisions of the federal securities laws.  ECF No. 70-1 at ¶ 37.  Plaintiff argues that this

finding of "willfulness" warrants vacating the Dismissal Order.  Plaintiff is wrong for at least the following reasons:

First, as stated in the SEC Settlement Order itself, neither ADS nor Mr. Sturgeon admitted any of the findings made by the SEC.  Even on motions to dismiss, courts in this District discount such settlements when considering allegations of scienter: "[P]laintiffs invoke the settlement agreements as though they were legal precedents.  But statements made by the SEC and NASD in the settlement documents are not law; they are rather untested assertions made by litigants."  *In re Morgan Stanley & Van Kampen Mut. Fund. Sec. Litig.*, No. 03 Civ. 8208, 2006 U.S. Dist. LEXIS 20758, at *19 (S.D.N.Y. April 14, 2006); *see also In re UBS Auction Rate Sec. Litig.*, 2010 U.S. Dist. LEXIS 59024, at *58 n.11 (S.D.N.Y. June 10, 2010) ("[I]n a settlement order, the respondent neither admits nor denies liability, and the order (including the theory of liability asserted therein) is not reviewed by any Article III court.  Thus, their value as authority is limited.").

Accordingly, courts have repeatedly granted motions to dismiss for failure to plead scienter even where a defendant has entered into a settlement agreement with the SEC or some other regulatory body: "**[T]he SEC's cease and desist order does not establish that Defendants acted with scienter**." *In re DNTW Chtd. Accountants Secs. Litig.*, 172 F. Supp. 3d 675, 691 (S.D.N.Y. 2016) (emphasis added);  *see also In re UBS*, 2010 U.S. Dist. LEXIS 59024, at *58 n.11 (granting motion to dismiss for failure to plead scienter where "the SEC's lawsuit and the Settlement Order . . . was premised in part on the determination that Defendants' disclosures concerning their ARS practices and procedures were inadequate"); *Bondar v. Bank of Am. Corp.*, No. 09-md-02014, 2011 U.S. Dist. LEXIS 18208, at *36, n.5 (N.D. Cal. Feb. 24,

2011) (holding that defendants' settlement with SEC was insufficient to show scienter under the PSLRA).

Second, the provisions of the securities laws at issue in the SEC Settlement Order are materially different from those alleged in the Amended Complaint. Plaintiff asserts scienter-based claims under Section 10(b) of the Exchange Act, which was not part of or impacted by the SEC Settlement Order or its findings. Instead, the SEC found violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act. While Plaintiff argues that Section 10(b) and Sections 17(a)(2) and 17(a)(3) are "substantially similar," Plaintiff begrudgingly is forced to concede (deep in a footnote) that Sections 17(a)(2) and 17(a)(3) do not have a scienter element. *See* Motion at p. 8, n.2 (acknowledging that "no showing of scienter" is required to establish liability under Sections 17(a)(2) and (17(a)(3)). Thus, the fact that the SEC Settlement Order found violations of Sections 17(a)(2) and (3) does not support allegations that there were violations of Section 10(b). *In re Morgan Stanley*, 2006 U.S. Dist. LEXIS 20758, at *20 (granting motion to dismiss for failure to plead scienter where "the SEC settlement is based upon Section 17(a)(2) of the Securities Act . . . provisions not at issue here").

Third, and relatedly, courts interpreting a finding of "willfulness" by the SEC have expressly declined to equate "willfulness" with "recklessness" or "conscious misbehavior"—the state of mind required to plead scienter under the PSLRA. *See, e.g., Wonsover v. SEC*, 205 F.3d 408, 414 (D.C. Cir. 2000). The SEC Settlement Order itself makes clear that its finding of willfulness does not rise to the level of conscious disregard or recklessness: "A willful violation of the securities laws means merely that the person charged with the duty knows what he is doing. There is no requirement that the actor also be aware that he is violating one of the Rules or Acts." *See* ECF No. 70-1 at p. 8, n. 6 (citations and quotations omitted). Thus, contrary to

Plaintiff's repeated suggestions, the SEC's finding of "willfulness" does not give rise to a compelling inference of scienter for Rule 10b-5 purposes.

The SEC Settlement Order would not have "changed the outcome" of the Dismissal Order, and does not warrant relief under Rule 60(b)(2).

> 2.      **The Amended Complaint also failed to plead loss causation.**

The SEC Settlement Order would not have changed the outcome of the Dismissal Order for an additional reason—it does not cure the fact that the Amended Complaint also failed to plead loss causation.  As argued more fully in Defendants' motion to dismiss (ECF No. 60), ADS made a series of corrective disclosures between June 30, 2015 and March 28, 2016.  Each disclosure had a negligible effect on ADS's stock price, and in some cases, the stock price actually went up.  *See* ECF No. 60 at pp. 28-30.

Although the Court dismissed Plaintiff's claims on scienter grounds without reaching the question of loss causation, the Court wrote in its Order that Plaintiff had "likely" also failed to sufficiently plead loss causation.  Order at p. 2; *see also id.* at p. 42 n. 11 ("[T]he Court is skeptical that Plaintiff has pleaded adequately loss causation.").  Nothing in the SEC Settlement Order addresses this deficiency or changes the fact that the market reacted with a yawn to each of ADS's corrective disclosures.  Plaintiff's Motion fails for this reason as well.

> D.      **The "evidence" is cumulative, in any event.**

Finally, the Motion should be denied because the facts included within the SEC Settlement Order are cumulative and insufficient to warrant relief.  Indeed, in the bulk of the Motion, Plaintiff relies on the same factual allegations upon which he relied in the dismissed Amended Complaint—including, for example, allegations relating to Mr. Sturgeon's oversight of ADS's accounting function, and allegations relating to ADS's admitted violations of GAAP.  These types of allegations already have been considered and found to be deficient not only by

this Court, but also by the Second Circuit.  Because the Motion is essentially an attempt to re-argue the motion to dismiss on the same facts, it should be denied.  *See, e.g., In re DNTW*, 172 F. Supp. 3d at 690 (denying motion to dismiss where the "factual findings in the cease and desist order mirror—rather than supplement—Plaintiff's allegations in the Amended Complaint").[4]

## <u>CONCLUSION</u>

For the reasons stated above, Defendants respectfully request that the Motion be denied.

---

[4] Because Plaintiff's request to vacate the Dismissal Order fails, his Motion to amend or supplement the complaint should also be denied.  *See In re Optionable Sec. Litig.*, 2009 U.S. Dist. LEXIS 52592, at *3.

Dated: December 28, 2018

/s/ Victor Genecin

SQUIRE PATTON BOGGS (US) LLP
Joseph C. Weinstein (*pro hac vice*)
joe.weinstein@squirepb.com
Sean L. McGrane
sean.mcgrane@squirepb.com
4900 Key Tower, 127 Public Square
Cleveland, OH 44114
Tel: (216) 479-8500
Fax: (216) 479-8780

David W. Alexander (*pro hac vice*)
david.alexander@squirepb.com
2000 Huntington Center, 41 S. High St.
Columbus, OH 43215
Tel: (614) 365-2801
Fax: (614) 365-2499

Victor Genecin
victor.genecin@squirepb.com
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 872-9800
Fax: (212) 872-9815

*Attorneys for Defendant Advanced Drainage
Systems, Inc.*

Respectfully submitted,

/s/ Bryan B. House

FOLEY & LARDNER LLP
Bryan B. House (*pro hac vice*)
bhouse@foley.com
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Tel: (414) 297-5554
Fax: (414) 297-4900

Robert A. Scher
rscher@foley.com
90 Park Avenue
New York, NY 10016-1314
Tel: (212) 338-3405
Fax: (212) 687-2329

*Attorneys for Defendant Joseph A. Chlapaty*

/s/ Roger P. Sugarman

KEGLER, BROWN, HILL & RITTER CO.,
L.P.A.
Roger P. Sugarman (*pro hac vice*)
rsugarman@keglerbrown.com
65 East State Street, Suite 1800
Columbus, OH 43215
Tel: (614) 462-5422
Fax: (614) 464-2634

WALSH PIZZI O'REILLY FALANGA LLP
Peter J. Pizzi
ppizzi@walsh.law
Selina M. Ellis
sellis@walsh.law
140 Broadway, 46th Floor
New York, NY 10019
Tel: (212) 380-1043
Fax: (973) 757-1090

*Attorneys for Defendant Mark B. Sturgeon*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on all counsel of record through this Court's ECF filing system on December 28, 2018.

<u>/s/ Victor Genecin</u>

*Counsel for Defendant ADS*