UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER WYCHE, *individually and on behalf of all others similarly situated*,<br><br>                        Plaintiff,<br><br>             -v.-<br><br>ADVANCED DRAINAGE SYSTEMS, INC., JOSEPH A. CHLAPATY, and MARK B. STURGEON,<br><br>                        Defendants. | 15 Civ. 5955 (KPF)<br><br>**OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:

      On March 10, 2017, this Court entered a final judgment dismissing the Amended Complaint filed by Plaintiff Christopher Wyche.  The Amended Complaint had alleged claims of securities fraud against Defendants Advanced Drainage Systems, Inc. ("ADS" or the "Company"), as well as then-current ADS executives Joseph A. Chlapaty and Mark B. Sturgeon (together with ADS, "Defendants").  In relevant part, the Court found that Plaintiff had failed to plead scienter as required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); the resulting dismissal was with prejudice.  Plaintiff appealed the Court's decision to the United States Court of Appeals for the Second Circuit, which affirmed the dismissal in a summary order dated October 13, 2017.  After the Second Circuit denied Plaintiff's motion for panel rehearing and/or rehearing *en banc*, it issued the mandate returning the case to this Court on December 7, 2017.

Plaintiff now moves under Federal Rules of Civil Procedure 60(b) and 15(a) for relief from the judgment and for leave to file a second amended complaint. However, the judgment as to which relief is sought is not this Court's March 10, 2017 judgment, but rather the Second Circuit's December 7, 2017 mandate, which Plaintiff argues restarts the clock by operation of a local rule of this District. For the reasons that follow, the Court finds that Plaintiff misperceives the local rule, and denies his motion as untimely.

## BACKGROUND[1]

The Court has previously detailed the relevant facts, allegations, and procedural history of this case in the course of resolving the motion to dismiss. *See Wyche* v. *Advanced Drainage Sys., Inc.*, No. 15 Civ. 5955 (KPF), 2017 WL 971805 (S.D.N.Y. March 10, 2017) ("*Wyche I*"), *aff'd*, 710 F. App'x 471 (2d Cir. 2017) (summary order) ("*Wyche II*"). It therefore mentions here only what is necessary to resolve the instant motion.

Plaintiff brought a class action lawsuit on behalf of purchasers of securities issued by ADS during the period from July 25, 2014, through March 29, 2016. (*See generally* Am. Compl.). Broadly, Plaintiff alleged that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of

---

[1] The Court draws the facts in this section from the Amended Complaint ("Am. Compl." (Dkt. #42)), and Plaintiff's Memorandum of Law in Support of the Motion for Reconsideration ("Pl. Br." (Dkt. #69)), as well as several exhibits attached thereto, including the Declaration of Jacob A. Goldberg ("Goldberg Decl." (Dkt. #70)).

For convenience, the Court refers to Defendants' Memorandum of Law in Opposition to Plaintiff's motion as "Def. Opp." (Dkt. #73), and Plaintiff's Reply Memorandum of Law in further support of the motion as "Pl. Reply" (Dkt. #74).

1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, in financial statements issued in conjunction with the Company's Initial Public Offering ("IPO") and during the months thereafter. (*Id.*).

The Court found that Plaintiff had failed adequately to allege that Defendants acted with scienter, an element of both the Section 10(b) and Rule 10b-5 claims. *See Wyche I*, 2017 WL 971805, at *7-17. Plaintiff's Section 20(a) claim was also dismissed in light of Plaintiff's failure to plead a primary violation under Section 10(b) or Rule 10b-5. *See id.* at *18. Thus, the Court dismissed Plaintiff's class action lawsuit with prejudice on March 10, 2017. *See id.* Plaintiff filed a notice of appeal on March 13, 2017. (Dkt. #66).

The Second Circuit affirmed the dismissal by summary order issued on October 13, 2017. *See generally Wyche II*. Thereafter, Plaintiff filed a motion for panel rehearing and, in the alternative, for rehearing *en banc*. *See Wyche* v. *Advanced Drainage Sys., Inc.*, No. 17-743, Docket Entry 80 (2d Cir. Oct. 30, 2017). The motion was denied by the Circuit by order dated November 28, 2017. *Id.*, Docket Entry 84 (2d Cir. Nov. 28, 2017). Approximately one week later, the Second Circuit issued the mandate in this case. *Id.*, Docket Entry 85 (2d Cir. Dec. 7, 2017); *see generally* Fed. R. App. P. 41 (addressing contents, timing, and effect of mandate).

In July 2018, the Securities and Exchange Commission (the "SEC") entered a cease-and-desist order (the "SEC Order") against Defendants ADS and Sturgeon. (Goldberg Decl., Ex. A). The SEC Order included a findings of

fact section, in which the SEC made multiple findings regarding Sturgeon's conduct at ADS that led the SEC to conclude that Sturgeon had "willfully violated" the federal securities laws. (*Id.* at ¶ 37). ADS and Sturgeon neither admitted nor denied the findings contained within the SEC Order. (*Id.* at 2).

Four months after publication of the SEC Order, on November 27, 2018, Plaintiff filed a motion for reconsideration under Federal Rule of Civil Procedure 60(b)(2) and for leave to file a second amended complaint under Rule 15(a). (Dkt. #68-70). Defendants filed a joint memorandum of law in opposition on December 28, 2018. (Dkt. #73). Plaintiff filed his reply on January 8, 2019. (Dkt. #74).

## DISCUSSION

### A. Applicable Law

"A party seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside pursuant to [Federal Rules of Civil Procedure] 59(e) or 60(b)." *Ruotolo* v. *City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Nat'l Petrochemical Co. of Iran* v. *M/T Stolt Sheaf*, 930 F.2d 240, 244-45 (2d Cir. 1991)). Rule 60(b) provides for relief from a final judgment on any of several grounds specified in five numbered subparts, *see* Fed. R. Civ. P. 60(b)(1)-(5), and under a sixth, catch-all provision that permits relief for "any other reason," Fed. R. Civ. P. 60(b)(6). Plaintiff cites subpart (2), which allows relief from a final judgment in the case of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).

4

As a threshold matter, Rule 60(b) applies only to "final" judgments. *In re Shengdatech, Inc. Sec. Litig.*, No. 11 Civ. 1918 (LGS), 2015 WL 3422096, at *3 (S.D.N.Y. May 28, 2015); *see also* Fed. R. Civ. P. 60(b). "The prevailing rule in this Circuit and elsewhere is that an order is final for purposes of Rule 60(b) when it is appealable." *In re Shengdatech, Inc. Sec. Litig.*, 2015 WL 3422096, at *3 (collecting cases). For the purposes of appealability, "[a] final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello* v. *White*, 533 F.3d 110, 113 (2d Cir. 2008). Once a judgment is final, relief under Rule 60(b)(2) may only be granted if a motion is filed "within a reasonable time ... no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1).

The Second Circuit has cautioned that Rule 60(b) motions are disfavored and should be granted only upon a showing of exceptional circumstances. *See Pichardo* v. *Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). The burden of proof is on the party seeking relief from judgment. *United States* v. *Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). In particular, to prevail on a Rule 60(b)(2) motion, "[t]he movant must demonstrate that [i] the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, [ii] the movant must have been justifiably ignorant of them despite due diligence, [iii] the evidence must be admissible and of such importance that it probably would have changed the outcome, and [iv] the evidence must not be merely cumulative or impeaching." *Id.* at 392 (quoting *United States* v. IBT,

5

179 F.R.D. 444, 447 (S.D.N.Y. 1998). Critically, even when this high burden of proof is met, Rule 60(b)(2) relief may only be granted if a motion is filed within the time limits specified in Rule 60(c)(1).

**B.    Analysis**

Plaintiff claims that the SEC Order contains new facts that could not have been discovered until the Order was made public. (Pl. Br. 6-8). According to Plaintiff, these facts directly support his allegations that Defendants acted with scienter. (*Id.* at 8-13). Had he known these facts at the time the Amended Complaint was filed, Plaintiff says, he could have alleged with sufficient particularity that Defendants acted with scienter, allowing the suit to survive Defendants' motion to dismiss. (*Id.*). Plaintiff thus requests Rule 60(b)(2) relief from the Court's grant of the motion to dismiss, and leave to file a second amended complaint.

The Court need not decide whether the evidence Plaintiff identifies would merit Rule 60(b)(2) relief, because Plaintiff's motion is untimely. To review, Rule 60(b)(2) relief is only available if the motion was (i) filed within one year of the entry of final judgment it seeks to have reconsidered; and (ii) filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1). As set forth in the remainder of this Opinion, the Court concludes that Plaintiff's motion satisfies neither prong.

### 1.    Plaintiff Filed His Motion More Than One Year After Final Judgment Had Been Entered

A motion under Rule 60(b)(2) must be filed no more than one year after entry of the judgment. *See Warren* v. *Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (describing the one-year limitations period as "absolute"); *see generally Bowles*

6

v. *Russell*, 551 U.S. 205, 210 (2007) (distinguishing claims-processing and jurisdictional rules); *Penney* v. *United States*, 870 F.3d 459, 462 (6th Cir. 2017) ("Accordingly, that time limit [for Rule 60(b) motions] is not a jurisdictional rule; it is a claim-processing rule."). The Court entered a final judgment that conclusively determined all of Plaintiff's claims on March 10, 2017. (*See* Dkt. #65). Plaintiff filed the Rule 60(b)(2) motion more than 20 months later. Accordingly, to the extent the motion challenges the Court's March 10, 2017 judgment, it is plainly untimely.

Recognizing that the race to challenge the March 10, 2017 judgment has been lost, Plaintiff seeks to move the starting line: Plaintiff argues that the one-year period during which he could challenge the Court's final judgment started not on March 10, 2017, when this Court's judgment was entered, but rather on December 7, 2017, when the Second Circuit issued the mandate in Plaintiff's appeal returning the case to this Court. (Pl. Br. 5). While concededly creative, Plaintiff's end-run around the dictates of Rule 60 must fail.

It is well-settled law in the Second Circuit that an appeal of a final judgment does not toll the one-year period for filing a Rule 60(b)(2) motion. *See King* v. *First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002). The Second Circuit has held that tolling is unnecessary because a Rule 60(b) motion can be made even as an appeal is pending. *See id.*; *see also Scholastic Inc.* v. *Stouffer*, 217 F. App'x 15, 16 (2d Cir. 2007) (summary order) ("We reject Stouffer's argument that her motion was timely because it was filed within one of year of this Court's denial of Stouffer's motion for rehearing in banc. The

7

filing of an appeal does not toll the one-year time period within which a Rule 60 motion alleging fraud or newly discovered evidence must be filed."). And to this Court's knowledge, every Circuit to have addressed the issue has decided that appellate consideration of an underlying judgment does not extend the time to ask for Rule 60(b) reconsideration of that judgment. *See Hancock Indus.* v. *Schaeffer*, 811 F.2d 225, 239 (3d Cir. 1987) ("The one year time limit is not extended by the maintenance of an appeal." (internal citation omitted); *Transit Cas. Co.* v. *Sec. Tr. Co.*, 441 F.2d 788, 791 (5th Cir. 1971) ("Although plaintiffs appealed from the order of dismissal, such appeal does not toll the time for making a 60(b) motion."); *Bershad* v. *McDonough*, 469 F.2d 1333, 1336 (7th Cir. 1972) ("The taking of an appeal does not extend this one year period."); *Fed. Land Bank of St. Louis* v. *Cupples Bros.*, 889 F.2d 764, 766-67 (8th Cir. 1989) ("It is well established that the pendency of an appeal does not toll the one-year maximum period for filing motions under Rule 60(b)(1)-(3)."); *Nevitt* v. *United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (expressly holding that "pendency of an appeal does not toll the one year period"); *The Tool Box, Inc.* v. *Ogden City Corp.*, 419 F.3d 1084, 1088-89 (10th Cir. 2005) ("By its terms, the one-year time limit in Rule 60(b) runs from the date the judgment was 'entered' in the district court; it does not run from the date of an appellate decision reviewing that judgment, nor does the pendency of an appeal toll the one-year period."); *Pierce* v. *Kyle*, 535 F. App'x 783, 785 (11th Cir. 2013) (per curiam) (concluding that "appeal to [Eleventh Circuit] did not toll the one-year limitations period"); *Carr* v. *District of Columbia*, 543 F.2d 917, 925-26 (D.C.

Cir. 1976) (concluding that "an appeal from the judgment [does not] have the effect of tolling or enlarging" the one-year limit established in Rule 60(c)(1)); *see also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2866 (3d ed. 2019) ("[I]t is held that the pendency of an appeal does not extend the one-year limit, although if the appeal should result in a substantive change in the judgment the time would run from the entry of the new judgment entered on mandate of the appellate court.") (hereinafter, "FEDERAL PRACTICE AND PROCEDURE").  The inter-Circuit consensus establishes that a Rule 60(b)(2) motion must be brought within one year of a final judgment, irrespective of whether an appeal is filed.

In the face of this precedent, Plaintiff does not argue that the resolution of his appeal by the Second Circuit, in and of itself, tolls or restarts the Rule 60(b) clock.  And it bears noting that, with the proceedings at the Second Circuit (including the petition for rehearing) concluded, and particularly after the time to petition the Supreme Court for a writ of certiorari had expired, there was nothing left for Plaintiff to appeal when the mandate issued and the case was returned to this Court.  *See Ostrer* v. *United States*, 584 F.2d 594, 598 (2d Cir. 1978) (explaining that "[t]he effect of the mandate is to bring the proceedings in a case on appeal ... to a close and to remove it from the jurisdiction of [the court of appeals], returning it to the forum whence it came"); *see also United States* v. *Zedner*, 555 F.3d 68, 80 (2d Cir. 2008) (observing that the issue of a mandate from the court of appeals "is not an issue of subject matter jurisdiction; it is purely a question as to the timing of the respective

9

jurisdictions of [the court of appeals] and the district court"). Instead, Plaintiff takes solace in a local rule applicable to the Southern and Eastern Districts of New York, Local Rule 58.1, which rule is entitled "Remand by an Appellate Court" and which provides that:

> Any mandate, order, or judgment of an appellate court, when filed in the office of the Clerk of the District Court, shall automatically become the order or judgment of the District Court and be entered as such by the Clerk without further order, except if such mandate, order, or judgment of the appellate court requires further proceedings in the District Court other than a new trial, an order shall be entered making the order or judgment of the appellate court the order or judgment of the District Court.

Local R. 58.1.

By Plaintiff's reading, this rule means that any mandate, order, or judgment by the Second Circuit automatically becomes the new final judgment of the district court, thereby automatically restarting the Rule 60(b) clock. (*See* Pl. Br. 5; Pl. Reply 2-4). Thus, Plaintiff says his one-year period in which to challenge the Court's original final judgment, having already partially run during the course of the appeal, started over when the Second Circuit issued its mandate. (*See* Pl. Br. 5; Pl. Reply 2-4). Taken to its logical conclusion, Plaintiff's argument would provide that appellate review of decisions issued by courts in the Southern and Eastern Districts would *always* toll, and then reset, Rule 60(b)'s limitations period. After all, the Second Circuit necessarily issues a mandate, order, or other judgment resolving each appeal filed with it; under Local Rule 58.1, any resolution would become the new judgment of the district court, restarting the one-year period under Rule 60(c). So while federal courts

(including the Second Circuit and district courts within the Circuit) have been uniform in finding that the filing of an appeal does not toll Rule 60(b), Plaintiff insists that the conclusion of an appeal — at least in the Southern and Eastern Districts of New York — does.

Plaintiff's understanding of the impact of Local Rule 58.1 is, and must be, mistaken. For purposes of analysis, the Court accepts that Local Rule 58.1 requires that all mandates, orders, and judgments of the Second Circuit, even those affirming the district court's order without modification, become the judgment of the district court.[2] Even so, for reasons the Court will explain shortly, the Second Circuit's issuance of the mandate does not restart the clock as to the Rule 60 one-year limitations period.[3] Thus, Plaintiff had one year

---

[2] Local Rule 58.1 quite obviously promotes administrative convenience between the Second Circuit and its constituent district courts. However, the title of the rule reads "Remand by an Appellate Court," suggesting that the rule might only apply when the Second Circuit issues a remand, and not when the Second Circuit affirms a district court wholesale, as it did here. For clarity of analysis, the Court addresses that issue here.

The only prior opinion addressing Local Rule 58.1 found that it "applies to situations where the Court of Appeals remands for further action." *Empresa Cubana Del Tabaco* v. *Culboro Corp.*, 478 F. Supp. 2d 513, 517-18 (S.D.N.Y. 2007). The Court finds this rationale less compelling. "The title of a statute cannot limit the plain meaning of the text. For interpretive purposes, it is of use only when it sheds light on some ambiguous word or phrase." *Pa. Dep't of Corr.* v. *Yeskey*, 524 U.S. 206, 212 (1998) (quoting *Trainmen* v. *Baltimore & Ohio R. Co.*, 331 U.S. 519, 528-29 (1947)). Thus, the Court places little weight on the ability of the title of Local Rule 58.1 to limit the scope its text.

[3] The Court does not address whether a decision by the Second Circuit that substantially alters a previously entered final judgment would restart the one-year limitations period. *See The Tool Box, Inc.* v. *Ogden City Corp.*, 419 F.3d 1084, 1089 (10th Cir. 2005) ("[S]ome courts have recognized that a new, one-year period under Rule 60(b) might be triggered if the subsequent appellate ruling substantially alters the district court's judgment in a manner that disturbs or revises the previous, plainly settled legal rights and obligations of the parties." (citing *Berwick Grain Co.* v. *Ill. Dep't of Agric.*, 189 F.3d 556, 559-60 (7th Cir. 1999); *Simon* v. *Navon*, 116 F.3d 1, 3 (1st Cir. 1997); *Transit Cas. Co.* v. *Sec. Trust Co.*, 441 F.2d 788, 791 (5th Cir. 1971)); *see also* FEDERAL PRACTICE AND PROCEDURE, *supra*, at § 2866). The Second Circuit's decision here merely affirmed the Court; it did not alter the final judgment.

from the day this Court entered its final judgment, March 10, 2017, not from the day the Second Circuit's mandate issued on December 7, 2017.

The Court reaches this conclusion for several reasons. *First*, the issuance of the mandate did not result in a new "final judgment" for Rule 60(b) purposes. *Second*, if Local Rule 58.1 automatically tolled Rule 60(c)'s one-year limitations period for appellate review, it would run afoul of the Federal Rules of Civil Procedure. And *third*, a contrary interpretation of the local rule would have such negative implications that the drafters of the rule could not have intended it.

To begin, Plaintiff's argument hinges on his ability to do something with respect to this Court's adoption of the Second Circuit's December 7, 2017 mandate. Rule 60(b) may only be used to "relieve a party ... from a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). A judgment is final for purposes of Rule 60(b) when it is appealable. *In re Shengdatech, Inc. Sec. Litig.*, 2015 WL 3422096, at *3. Thus, Plaintiff may only seek relief from the Court's December 7, 2017 adoption of the affirming mandate if that adoption constituted a final, appealable judgment.

Plaintiff does not argue that this Court's adoption of the Second Circuit's mandate was, itself, appealable, and does not cite to any case law supporting that proposition. Allowing such an appeal to proceed would be illogical. The Second Circuit had just entered a judgment affirming this Court. By Plaintiff's own estimation of Local Rule 58.1, this Court had merely accepted the Second Circuit's mandate as a judgment of its own. Allowing Plaintiff to appeal that

judgment would require a new panel of the Second Circuit to sit in review of the decision just issued by a prior panel. If this logic is followed down the rabbit hole, the second panel's decision, whatever it was, would also automatically become the judgment of this Court, and then become immediately appealable. Were this reading of Local Rule 58.1 correct, it would create perpetual cycles of appeals, giving litigants never-ending bites at the apple. No support for this outcome exists. Because Plaintiff could not appeal this Court's judgment adopting the Second Circuit's December 7, 2017 mandate, the judgment was not final for Rule 60(b) purposes.

Moreover, any interpretation of Local Rule 58.1 permitting litigants to seek Rule 60(b)(2) relief within one year of an affirmance of a final judgment would create a vast, easily manipulable loophole in Rule 60's timeliness requirement. The Second Circuit's decision in an analogous procedural setting, in *Colucci* v. *Beth Israel Medical Center*, is instructive in explaining why such an interpretation would be incorrect. 531 F. App'x 118 (2d Cir. 2013) (summary order). The plaintiff in *Colluci* filed her motion for reconsideration under Rule 60(b)(2) on the final day of the one-year limitations period. But the plaintiff's memorandum of law in support of that motion was filed four days later — after the one-year period had expired. The district court denied the motion as untimely, in light of the court's local rule that required all motions to include a memorandum of law. The Second Circuit affirmed, stating: "Any interpretation of the rules permitting piecemeal filing, as Colucci advances

13

here, would allow parties to circumvent the purpose of Rule 60's time limits by filing incomplete motion papers at the deadline." *Id.* at 120.

So too here. Any interpretation of Local Rule 58.1 that allowed automatic tolling would allow parties to circumvent Rule 60's time limits simply by filing a notice of appeal. *Cf. Feldberg* v. *Quechee Lakes Corp.*, 463 F.3d 195, 197 (2d Cir. 2006) (per curiam) ("Permitting the [plaintiffs] to supplant their timely yet insufficient 'placeholder' Rule 59(e) motion … with their subsequent augmented filing … would afford them an easy way to circumvent Rule 60(b)'s prohibition on granting an enlargement of time for filing motions under Rule 59(e)."). For this reason, Local Rule 58.1 cannot mean what Plaintiff claims. *See Vt. Teddy Bear Co.* v. *1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) ("[I]t is axiomatic that the Federal Rules of Civil Procedure trump inconsistent interpretations of local rules.").

Finally, and perhaps most perniciously, if the law were as Plaintiff claims, plaintiffs on the losing end of a final judgment in district court would be incentivized to appeal reflexively, no matter the merits of the claim. These plaintiffs would be rewarded with months' worth of tolling of Rule 60(b)'s limitations period, during which time they could scrounge for additional evidence to buttress a Rule 60(b)(2) motion, followed by a complete resetting of that period at the conclusion of the appeal. Plaintiff's understanding of the interplay between Local Rule 58.1 and Federal Rule of Civil Procedure 60(b) cannot be correct for the simple reason that it would promote vexatious litigation that the judges of the Southern and Eastern Districts of New York

14

could not have intended when they enacted the rule. *See Troll Co.* v. *Uneeda Doll Co.*, 483 F.3d 150, 160 (2d Cir. 2007) ("[I]t is an elemental principle of statutory construction that an ambiguous statute must be construed to avoid absurd results.").

For all of these reasons, Local Rule 58.1 neither tolls nor supplants Rule 60's timeliness requirement for appellate review. Plaintiff had one year from the time final judgment was entered against him on March 10, 2017, to file a motion for Rule 60(b)(2) relief. Because Plaintiff's motion was filed many months after that date had passed, it is barred for untimeliness.

### 2. Plaintiff's Rule 60(B)(2) Motion Was Not Filed Within a Reasonable Time

But even if Plaintiff's motion for reconsideration were properly seeking relief from the Court's December 7, 2017 judgment, and thus had been filed within a year of that judgment, the Court would still reject the motion because it was not filed within a reasonable time. Under Federal Rule of Civil Procedure 60(c)(1), the one-year period represents an "extreme limit" for filing a Rule 60(b)(2) motion: "[T]he motion may be rejected as untimely if not made within a reasonable time even though the one-year period has not expired." *Gonzales* v. *Nat'l Westminster Bank, PLC*, No. 11 Civ. 1435 (LAP), 2013 WL 6978874, at *5 (S.D.N.Y. Nov. 18, 2013) (quoting FEDERAL PRACTICE AND PROCEDURE, *supra*, at § 2866). What is reasonable is "based on 'the particular circumstances of the case,' taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality." *Thai-Lao Lignite Co., Ltd.* v.

*Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (quoting *PRC Harris, Inc.*, v. *Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983)).

Upon review of the record and Plaintiff's arguments, the Court concludes that Plaintiff did not file his motion within a reasonable time. The SEC Order, the document which Plaintiff claims supplied much-needed facts that would make his complaint viable, was released on July 10, 2018. But Plaintiff did not immediately act on the Order, and failed to file a motion for reconsideration in the weeks that followed. By the time Plaintiff filed his motion for reconsideration on November 27, 2018, four and one-half months had expired.

In his briefing, Plaintiff makes no effort to explain this delay. Plaintiff states only that he "file[d] [the] [m]otion within one week of counsel's discovering the SEC Order." (Pl. Br. 5). As Defendants sagely observe, however, the question is why it took Plaintiff over four months to discover the SEC Order. (Def. Opp. 9). As a self-designated representative of a class of wronged shareholders, Plaintiff was expected to pay attention to major events, like the SEC Order, which had direct relevance to the claims he had brought. Further, Plaintiff was aware that the SEC was investigating Defendants when he filed the Amended Complaint, so he had all the more reason to remain alert for the results of that investigation. (Am. Compl. ¶ 240 (alleging the SEC had initiated a formal order of investigation of ADS)). In his reply brief in support of his motion for reconsideration, Plaintiff did not present any justification for his delay in discovering the SEC Order, and the Court therefore understands that there is none.

Because Plaintiff failed to argue, much less demonstrate, that any good reason existed for his failure to discover the SEC Order for four and one-half months after its issuance, the Court concludes that the motion was not filed within a reasonable time. *See, e.g., Gonzalez*, 2013 WL 6978874, at *5-6 (finding movant's unexplained six-month delay in filing was unreasonable); *Gould* v. *Entm't Corp.* v. *Bodo*, 107 F.R.D. 308, 311 (S.D.N.Y. 1985) (finding that an unexplained five-month delay was unreasonable); *see also Kagan* v. *Caterpillar Tractor Co.*, 795 F.2d 601, 610-11 (7th Cir. 1986) (affirming denial of Rule 60(b) relief because an unexplained four-month delay was unreasonable). Accordingly, even if the motion had been filed within the one-year time limit specified in Rule 60(c), the Court would deny the motion as unreasonably delayed.

## CONCLUSION

For the reasons outlined above, Plaintiff's motion for reconsideration under Rule 60(b)(2) is DENIED. The Clerk of Court is directed to terminate the motion pending at docket entry 68.

SO ORDERED.

Dated:   July 3, 2019
         New York, New York

                                          _____
                                           KATHERINE POLK FAILLA
                                           United States District Judge